DAVID S. CATUOGNO, ESQ.
FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East – Suite 290
Paramus, New Jersey 07652
(201) 845 – 1000

*Attorneys for CA 912-921 Bergen Avenue, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                    Chapter 11

H&S JOURNAL SQUARE ASSOCIATES LLC                         Case No. 11-11623(JMP)

                    Debtor.                              Hearing Date: August 16, 2011
------------------------------------------------------------x   at 10:00 a.m.

## MOTION FOR ORDER APPROVING STIPULATION AND CONSENT ORDER BETWEEN DEBTOR-IN-POSSESSION AND CA 912-921 BERGEN AVENUE, LLC FOR USE OF CASH COLLATERAL

TO:    THE HONORABLE JAMES M. PECK
         UNITED STATES BANKRUPTCY JUDGE

The Motion of CA 912-912 Bergen Avenue, LLC ("CA") by and through its attorneys, Forman Holt Elides & Ravin LLC, respectfully represent:

1.     H&S Journal Square Associates LLC ("H&S") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on or about April 6, 2011, (the "Petition Date"), which matter is pending as Case No. 11-11623.

2.     The Debtor has remained in possession of its assets and is currently authorized to continue in the operation and management of its business as debtor-in-possession pursuant to Section 1107 and 1108 of the Code.

3.     The Debtor owns certain commercial real property in Jersey City, New Jersey encumbered by a first mortgage in the principal balance of approximately $14,077,000.

4. CA asserts and possesses a validly perfected first lien and security interest on Journal Square Property and, *inter alia,* the rents generated therefrom (the "Rents") (collectively the "CA Collateral") as set forth in the Notice of Perfection of Security Interest in Property Pursuant to 11 U.S.C. § 546(b) and Objection to use of Cash Collateral filed by CA on May 24, 2011 (docket #9) (the "Notice of Perfection").

5. CA's lien on the CA Collateral secures the Debtor's obligations pursuant to the following promissory notes and loan agreements:

(a) Mortgage Note dated June 23, 2008 in the original principal amount of $14,250,000 from H&S to Oritani Bank ("Oritani"). A copy of the Mortgage Note is attached to the Notice of Perfection as **Exhibit "A"**;

6. The Debtor's obligations to CA pursuant to the Note are secured by the CA Collateral set forth in the following security agreements conveyed by the Debtor to Oritani.

(a) Mortgage and Security Agreement dated June 23, 2008 recorded with the Hudson County Register of Deeds on June 27, 2008 and at Mortgage Book 17015, Page 177, et seq. A copy of the Mortgage is annexed to the Notice of Perfection as **Exhibit "B"**;

(b) Absolute Assignment of Leases and Rents dated June 3, 2008 and recorded on June 27, 2008 with the Hudson County Register of Deeds at Mortgage Book 17015, Page 208, et seq (the "Absolute Assignment"). CA asserts that pursuant to the Absolute Assignment, the Debtor made a knowing contemporaneous transfer of the rents to the Oritani thereby rendering all rents derived from the CA Collateral to be the exclusive property of Oritani. The Debtor reserves the right to argue in this case that, by virtue of the within bankruptcy filing, the Absolute Assignment does not manifest a transfer of ownership in the rents to CA and CA reserves all rights to contest the Debtor's argument(s) in this regard. A copy of the Absolute Assignment is annexed to the Notice of Perfection as **Exhibit "C"**;

(c) The security interests granted to CA were perfected by Oritani by, among other things, the filing of UCC-1 Financing Statements filed with the Secretary of State for the State of New Jersey and with the Register of Deeds in Hudson County. Copies of the filed UCC-1 forms are annexed to the Notice of Perfection as **Exhibit "D"**;

7. On or about September 22, 2009, Oritani initiated a complaint in foreclosure against the Debtor seeking to foreclose on the Journal Square Property (the "Foreclosure Action"). Thereafter, in that same action, Oritani filed an Application for the appointment of a Rent Receiver.

8. On or about November 9, 2009, the Superior Court entered a Consent Order in the Foreclosure Action resolving Oritani's Application to appoint a Rent Receiver whereby H&S and Oritani agreed that all rents derived from the Journal Square Property would be paid directly to Oritani and would thereafter be disbursed by Oritani on account of sums due under the loan including interest due to Oritani, taxes and other charges (the "Rent Collection Order").

9. On April 21, 2010, the Superior Court of New Jersey entered an Order awarding summary judgment to Oritani in the Foreclosure Action with the amounts due under the Note and Loan Documents to be determined by the Court at the time of entry of final judgment.

10. Prior to the entry of Final Judgment of Foreclosure, on March 10, 2011, Oritani sold its interest in the loan and loan documents to CA. The sale of the Loan Documents is memorialized by, among other things, an Assignment of Loan Documents dated March 10, 2011, which Assignment is recorded with the Hudson County Register of Deeds on April 8, 2011 in Book 1185, Page 52, et seq. whereby CA became the successor to the position of Oritani under the Loan Documents (including, but not limited to, the Note, Mortgage, Assignment of Rents and UCC filings) and further the successor to the position of Oritani in the foreclosure action and other proceedings pending between Oritani and the Debtor. A copy of the Assignment of Loan Documents is annexed to the Notice of Perfection as **Exhibit "E"**;

11. CA has a primary, perfected first lien position on the Journal Square Property and CA Collateral; however, the amount of the claim secured by this lien is disputed by the Debtor.

12. On June 2, 2011, CA filed a proof of claim in this bankruptcy proceeding asserting that, as of the Petition Date, the Debtor was indebted to CA in at least the amount of $18,442,173.27. (*See* Claim No. 2 on the Claim Register).

13. The Debtor has acknowledged the validity and priority of CA's lien, as described in paragraphs above, and further acknowledges an outstanding principal balance of $14,077,715.02 as of the Petition Date and an applicable non-default interest rate of 5.75% per annum. The Debtor has not consented to the applicability of the default rate of interest and the interest calculations set forth by CA in its proof of claim plus other charges and fees asserted by CA to be due. Both the Debtor and CA reserve all rights to CA's proof of claim and the amount(s) therein asserted to be due.

14. H&S and CA have agreed to maintain the pre-petition status quo with regard to the payment and collection of rents whereby the payments will be made directly to Oritani, now as servicer for CA, which funds, when collected, will be disbursed and/or applied by CA on account of the sums due under the Loan Documents including non-default interest, taxes, and other charges and expenses that may be budgeted as agreed by the parties. The parties have agreed that this understanding has been in effect since the inception of this bankruptcy case and the Debtor acknowledges that is has previously reaffirmed its consent to CA's collection of the Rents in the post-petition period, without waiver of either parties' rights or remedies.

15. The Parties have negotiated and executed a Stipulation and Consent Order regarding the above acknowledgements and the Debtor's authority to use the cash collateral of CA and/or the rents which are asserted to be the property of CA. A copy of the signed Stipulation is submitted herewith.

WHEREFORE, Movant submits that the contemplated Stipulation and Consent Order is in the best interests of the estate and all parties respectfully requests that the Court approve the Stipulation and execute the Stipulation and Order submitted herewith.

**FORMAN HOLT ELIADES & RAVIN LLC**
Attorneys for CA 912-921 Bergen Avenue, LLC


By: */s/ David S. Catuogno*
David S. Catuogno

Dated: July 27, 2011

m:\lit\ca 912-921 bergen avenue\pleadings\motion appv stip.doc